**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, ) | Cause No. CR-11-38-BLG-RFC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **BEAUMONT PAUL STEWART,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Defendant has moved to withdraw his plea of guilty entered on February 15, 2012. Defendant plead guilty to Sexual Abuse, in violation of 18 U.S.C. §§ 1153(a), 2242(2)(A), as charged in Count II of the Indictment. Count I of the Indictment charges Defendant with Aggravated Sexual Abuse, in violation of 18 U.S.C. §§ 1153(a), 2241(c). The plea agreement provided for the dismissal of Count I of the Indictment after the sentencing on Count II. The government opposes the motion.

A defendant may withdraw a guilty plea before sentencing if the defendant can show a fair and just reason for doing so. Fed.R.Crim.P. 11(d)(2)(B). Before the imposition of a sentence, however, withdrawal of a guilty plea should be freely allowed if a defendant "can show a fair and just reason for requesting the withdrawal." *United States v. Showalter*, 569 F.3d 1150, 1154 (9th Cir. 2009); Fed.R.Crim.P. 11(d)(2)(B).

The Ninth Circuit has explained "[f]air and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." *United States v. McTiernan*, 546 F.3d 1160, 1167 (9th Cir. 2008) (internal citation omitted). The defendant has the burden of demonstrating the existence of at least one of these conditions. Fed.R.Crim.P. 11(d)(2)(B); *United States v. Davis*, 428 F.3d 802, 805 (9th Cir. 2005).

The basis for Defendant's Motion to Withdraw his guilty plea is the discovery of two new reports or evaluations of the alleged victim. Defendant asserts that had he had these two reports available to him prior to his entry of a plea of guilty, he would have opted for trial instead.

The reports at issue were not authored until after Defendant's change of plea hearing. The first report, dated February 28, 2012 shows that the alleged victim has made statements to her family counselor, Connie Dilts, MS, LCPC, LMFT, that have resulted in a determination by Ms. Dilts that the alleged victim "has a very difficult time determining fact from fiction," and the victim has told her counselor "she was not touched by her father." A separate report provided by Defendant dated February 17, 2012 indicates that the Autism Diagnostic Observation Schedule was administered and resulted in a determination that the alleged victim is at the low end of the autism spectrum.[1]

The government classifies the reports as "newly available" evidence and argues that the Defendant was well aware of the information that the conclusions in the reports were based upon long before he changed his plea and it is not "newly discovered" evidence. The Court disagrees. The reports were not written until after Defendant entered his plea of guilty and the Court does not know how familiar Defendant was with the alleged victim and her understanding of the

---

[1] This report is not signed, but has signature lines for Marilyn Thaden, MS, CCC-SLP, Speech Language Pathologist; Laurie Phalen, LCSW, LMFT, Family Therapist; Dr. James E. Young, Pediatrician; and Laurie Coulter, MSSP, School Psychologist. Based upon the information provided, the Court is unable to determine who administered the test and authored the report.

difference between a truth and a lie. Defendant has demonstrated a fair and just reason for withdrawing his guilty plea.

Therefore , **IT IS HEREBY ORDERED** that Defendant's Motion to Withdraw Guilty Plea (*Doc. 41*) is **GRANTED.**

**IT IS FURTHER ORDERED** that The sentencing hearing in this matter set for May 17, 2012 is **VACATED**.

DATED this 11th day of April, 2012.

*/s/ Richard F. Cebull*_____
RICHARD F. CEBULL
U.S. DISTRICT COURT JUDGE